FAY E. MORISSEAU (CSB# 159931)
MARK J. ITRI (CSB# 152581)
McDERMOTT WILL & EMERY LLP
18191 Von Karman Avenue
Suite 500
Irvine, CA 92612-7108
Telephone: 949.851.0633
Facsimile: 949.851.9348
fmorisseau@mwe.com
mitri@mwe.com

DAVID M. BECKWITH (CSB# 125130)
McDERMOTT WILL & EMERY LLP
4370 La Jolla Village Drive
Suite 700
San Diego, CA 92122
Telephone: 858.643.1400
Facsimile: 858.597-1585
dbeckwith@mwe.com

Attorneys for Plaintiff
HERAEUS INCORPORATED

E-Filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HERAEUS INCORPORATED,

    Plaintiff,

v.

SOLAR APPLIED MATERIAL
TECHNOLOGY CORP.,

    Defendant.

CASE NO. C06-01191 RS

**COMPLAINT FOR PATENT INFRINGEMENT**

**JURY TRIAL DEMANDED**

Plaintiff Heraeus Incorporated ("Heraeus") files this Complaint for Patent Infringement against Defendant Solar Applied Material Technology Corp. ("Solar") and alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, et seq.

2. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 and 1338(a).

3. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) and § 1400(a).

4. This Court has personal jurisdiction over Defendant by virtue of Defendant's transacting business in this District by importing, selling and/or offering to sell sputtering targets in this District, thereby committing the tort of direct infringement, and inducing others to infringe in this District.

## PARTIES

5. Plaintiff Heraeus is a Delaware corporation with a principal place of business in New York, New York. Heraeus is in the business of making and selling sputtering targets used in a variety of applications, including the manufacture of ferromagnetic storage material.

6. Defendant Solar is a Taiwanese corporation transacting business in this District by importing, selling and/or offering to sell ferromagnetic alloy sputtering targets which practice the subject matter claimed in the asserted patents in this action.

## FACTS

7. On May 12, 1992, the United States Patent and Trademark Office duly and properly issued United States Patent No. 5,112,468 (the "'468 Patent") to Martin Weigert, et al., entitled "Target for Magnetron-Sputtering Systems." Heraeus is the owner by assignment of the '468 Patent, a copy of which is attached hereto as Exhibit 1. The '468 Patent is incorporated by reference herein.

8. On March 17, 1998, the United States Patent and Trademark Office duly and properly issued United States Patent No. 5,728,279 (the "'279 Patent") to Martin Schlott, et al., entitled "Cobalt Base Alloy Target for a Magnetron Cathode Sputtering System." Heraeus is the owner by assignment of the '279 Patent, a copy of which is attached hereto as Exhibit 2. The '279 Patent is incorporated by reference herein.

9. On information and belief, Defendant imports, sells or offers to sell sputtering targets which practice one or more claims of the '468 or '279 Patents (collectively, the "Patents in Suit"), and infringes directly and/or induces others to directly infringe the Patents in Suit.

10. On information and belief, Defendant has knowingly and willfully directly infringed, and/or induced others to directly infringe, and continues to infringe the Patents in Suit by importing, selling, or offering to sell within the United States ferromagnetic alloy sputtering targets which practice the claims of the Patents in Suit.

## FIRST CLAIM FOR RELIEF - SOLAR'S DIRECT INFRINGEMENT OF THE '468 PATENT

11. Heraeus incorporates herein by reference the allegations of Paragraphs 1 through 10 above as though set forth herein in full.

12. Solar has infringed and continues to infringe the '468 Patent in violation of 35 U.S.C. § 271(a) by at least importing, selling, and/or offering to sell infringing sputtering targets in the United States.

13. As a direct and proximate result of the infringement by Defendant, Heraeus has suffered damages in an amount to be proven at trial. Defendant's acts of infringement have caused and will continue to cause Heraeus to suffer severe and irreparable injury. Heraeus' remedy at law is inadequate to compensate it for the injuries already inflicted and further threatened by Defendant's actions. Therefore, Defendant should be restrained and enjoined from further acts of infringement.

14. On information and belief, Solar's direct infringement of the '468 Patent has been willful and deliberate and will continue unless enjoined by this Court.

COMPLAINT FOR PATENT INFRINGEMENT - 3 -

## SECOND CLAIM FOR RELIEF - SOLAR'S INDUCED INFRINGEMENT
## OF THE '468 PATENT

15. Heraeus incorporates herein by reference Paragraphs 1 through 14 above as though set forth herein in full.

16. Solar has infringed and continues to infringe the '468 Patent in violation of 35 U.S.C. § 271(b) by knowingly and actively inducing direct infringement of the '468 Patent by others including, but not limited to, those using the sputtering targets sold by Solar in the United States.

17. As a direct and proximate result of the induced infringement by Defendant, Heraeus has suffered damages in an amount to be proven at trial. Defendant's acts of inducing infringement have caused and will continue to cause Heraeus to suffer severe and irreparable injury. Heraeus' remedy at law is inadequate to compensate it for the injuries already inflicted and further threatened by Defendant's actions. Therefore, Defendant should be restrained and enjoined from further acts of infringement.

18. On information and belief, Solar's induced infringement of the '468 Patent has been willful and deliberate and will continue unless enjoined by this Court.

## THIRD CLAIM FOR RELIEF – SOLAR'S DIRECT INFRINGEMENT
## OF THE '279 PATENT

19. Heraeus incorporates herein by reference the allegations of Paragraphs 1 through 18 above as though set forth herein in full.

20. Solar has infringed and continues to infringe the '279 Patent in violation of 35 U.S.C. § 271(a) by at least importing, selling, and/or offering to sell infringing sputtering targets in the United States.

21. As a direct and proximate result of the infringement by Defendant, Heraeus has suffered damages in an amount to be proven at trial. Defendant's acts of infringement have caused and will continue to cause Heraeus to suffer severe and irreparable injury. Heraeus' remedy at law is inadequate to compensate it for the injuries already inflicted and further

COMPLAINT FOR PATENT
INFRINGEMENT                - 4 -

threatened by Defendant's actions. Therefore, Defendant should be restrained and enjoined from further acts of infringement.

22. On information and belief, Solar's direct infringement of the '279 Patent has been willful and deliberate and will continue unless enjoined by this Court.

## FOURTH CLAIM FOR RELIEF - SOLAR'S INDUCED INFRINGEMENT OF THE '279 PATENT

23. Heraeus incorporates herein by reference Paragraphs 1 through 22 above as though set forth herein in full.

24. Solar has infringed and continues to infringe the '279 Patent in violation of 35 U.S.C. § 271(b) by knowingly and actively inducing direct infringement of the '279 Patent by others including, but not limited to, those using the sputtering targets sold by Solar in the United States.

25. As a direct and proximate result of the induced infringement by Defendant, Heraeus has suffered damages in an amount to be proven at trial. Defendant's acts of inducing infringement have caused and will continue to cause Heraeus to suffer severe and irreparable injury. Heraeus' remedy at law is inadequate to compensate it for the injuries already inflicted and further threatened by Defendant's actions. Therefore, Defendant should be restrained and enjoined from further acts of inducing infringement.

26. On information and belief, Solar's induced infringement of the '279 Patent has been willful and deliberate and will continue unless enjoined by this Court.

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

Wherefore, Plaintiff Heraeus respectfully requests the Court to grant it the following relief:

    a.    Judgment against Defendant as to infringement of the Patents in Suit;

    b.    A declaration that Defendant has infringed and induced the infringement of the Patents in Suit;

    c.    Permanent injunctive relief precluding Defendant, its directors, officers, employees, agents, parents, subsidiaries, affiliates, and all persons in active concert and participation with them from further acts of infringement and inducing infringement of the Patents in Suit;

    d.    Judgment against Defendant for money damages sustained as a result of Defendant's infringement and inducing infringement of the Patents in Suit.

    e.    Judgment trebling the damage under 35 U.S.C. § 284 as a result of Defendant's willful and deliberate infringement and inducing infringement of the Patents in Suit;

    f.    Pre-judgment interest under 35 U.S.C. § 284 from the date of each act of infringement and inducing infringement of the Patents in Suit by Defendant to the date a damages judgment is entered, and a further award of post-judgment interest under 28 U.S.C. § 1961, continuing until such judgment is paid on the maximum rate allowed by law;

    g.    That this be declared an exceptional case under 35 U.S.C. § 285, and that Plaintiff be awarded its costs and attorneys' fees; and

    h.    Such other and further relief as the Court finds just and proper.

## JURY DEMAND

Plaintiff Heraeus demands trial by jury.

Dated: February 17, 2006

McDERMOTT WILL & EMERY

*David M. Beckwith*
DAVID M. BECKWITH

SDO 40276-1.050346.0010

COMPLAINT FOR PATENT INFRINGEMENT

- 6 -