UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERAEUS INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>SOLAR APPLIED MATERIAL<br>TECHNOLOGY CORP.,<br><br>Defendant. | CASE NO.  C 06-01191-RMW<br><br>*E-FILED 6/5/06* |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Each party recognizes that some of the documents and information which have been, and will be, produced in this action will include information held as confidential or proprietary technical, commercial, financial, scientific, business or trade-secret information.  To preserve the confidential or proprietary status of such information, and to facilitate discovery in this matter pursuant to Federal Rules of Civil Procedure 26(c) and 37(b), each party, through their respective outside counsel of record, agrees as follows, subject to the approval of the Court.

1. With respect to all documents or other tangible items which have been or will be produced during discovery:

    a. the party (including any third party or non party) responding to the discovery in question (the "Disclosing Party") may designate such documents and items as "Confidential" or "Highly Confidential - Outside Counsel Eyes Only" at the time of their production.  In the absence of such designation at the time of production, the documents and items produced shall be deemed nonconfidential, subject to paragraph 11 below.

    b. The term "Confidential" information shall apply to a party's confidential and

nonpublic information, the disclosure of which the Disclosing Party contends could cause harm to the business operations of the Disclosing Party or provide improper advantage to others, and that is not otherwise marked or designated by the Disclosing Party as "Highly Confidential - Outside Counsel Eyes Only." The term "Highly Confidential - Outside Counsel Eyes Only" shall apply only to a party's highly confidential and proprietary business, commercial, competitive, financial, marketing, sales and technical information that the Disclosing Party reasonably and in good faith believes is so highly sensitive that its disclosure to an employee of a Discovering Party would reveal significant business, commercial, competitive, financial, marketing, sales or technical advantages of the Disclosing Party. The term "Highly Confidential - Outside Counsel Eyes Only" information shall include, but is not limited to, (1) current business/strategic plans, (2) sales, cost and price information including future sales/financial projections, (3) non-public marketing information including future marketing plans, (4) detailed sales and financial data that includes costs and profits information, (5) customer lists, (6) licensing, licensing policies, and licensing negotiations, (7) sputtering targets, (8) sputtering target compositions, methods of manufacture, and physical characteristics, (9) non-public source code, specifications, schematics and other documents used in connection with generating such source code, and other non-public technical specifications, schematics and documents showing the Disclosing Party's product functionality, features and operation and (8) other information of business, commercial, competitive, financial, marketing, sales and technical significance comparable to the items listed in this paragraph. For purposes of this Order, the term "source code" shall include human and machine readable program codes as well as executable code.

    c.    Deposition testimony may be orally designated as "Confidential" or "Highly Confidential - Outside Counsel Eyes Only" during the deposition. Alternatively, at any time up

to twenty days after outside counsel of record for the Disclosing Party ("Disclosing Counsel") receives the transcript of the deposition, the testimony may be designated as "Confidential" or "Highly Confidential - Outside Counsel Eyes Only" so long as all other parties to this litigation are informed in writing within the twenty days. If deposition testimony was not designated Confidential during the deposition, the testimony shall be deemed "Highly Confidential - Outside Counsel Eyes Only" until the expiration of the thirty day period. If no oral designation was made at the deposition and no written designation was made within the thirty day period, then the transcript and testimony shall be deemed nonconfidential.

      d.    All discovery produced by any party (whether a party to this litigation, a third party or non party) that is designated "Confidential" or "Highly Confidential - Outside Counsel Eyes Only," is to be used solely for the purposes of this litigation, and for no other purpose whatsoever.

      2.    As to discovery designated by the Disclosing Party as "Confidential" in accordance with paragraph 1 above:

      a.    the Discovering Party's outside counsel of record in the litigation ("Discovering Counsel") shall not disclose or reveal such discovery in whole or in part to any other person or entity except for:

      (i)    employees of the Discovering Counsel;

      (ii)    stenographic or video personnel who record or transcribe any proceedings in this litigation;

      (iii)    independent consultants or experts retained by the Discovering Counsel in this litigation, subject to paragraph 4 below;

      (iv)    up to four individuals selected from among the following list of employees

of the Discovering Party: one or more in house counsel, officers, directors or upper management of the Discovering Party;

(v)  counsel of record for opposing parties, in the event the Disclosing Party is a third party or a non-party to the above captioned litigation;

(vi)  the Court and its employees; and

(vii)  individuals and organizations that provide photocopying, document processing, imaging, translation, graphics, related and similar services to counsel as part of discovery or preparation and trial of this action.

b.  The Discovering Party shall execute and serve on all parties an undertaking in the form attached hereto as Exhibit A for each of the four employees to whom it seeks to disclose "Confidential" information, thereby agreeing to be bound by these terms.

c.  In no event shall "Confidential" information be stored at any business premises of the Discovering Party unless such information is stored in a secured area and accessible only to persons eligible to review such information (e.g., locked cabinet or locked office).

3.  As to discovery designated by the Disclosing Party as "Highly Confidential - Outside Counsel Eyes Only" in accordance with paragraph 1 above:

a.  the Discovering Counsel shall maintain such discovery as "Highly Confidential - Outside Counsel Eyes Only";

b.  the Discovering Counsel shall not disclose or reveal such discovery in whole or in part to any other person or entity except for:

(i)  employees of the Discovering Counsel;

(ii)  stenographic and video personnel who record or transcribe any proceedings in this litigation;

(iii) independent consultants or experts retained by the Discovering Counsel in this litigation, subject to paragraph 4 below;

(iv) outside counsel of record for opposing parties, in the event the Disclosing Party is a third party or a non-party to the above-captioned litigation;

(v) the Court and its employees; and

(vi) individuals and organizations that provide photocopying, document processing, imaging, translation, graphics, related and similar services to counsel as part of discovery or preparation and trial of this action.

4. Prior to disclosing any "Confidential" or "Highly Confidential - Outside Counsel Eyes Only" information to any independent consultant or expert referred to in paragraphs 2(b)(iii) and 3(b)(iii) above, Discovering Counsel shall:

a. provide a copy of this Stipulated Protective Order to each such consultant or expert;

b. obtain from the consultant or expert a fully executed undertaking in the form attached hereto as Exhibit A; and

c. identify each such consultant or expert to whom disclosure is proposed to be made by providing to responding counsel, via overnight courier or same day hand delivery or same day facsimile, a copy of each such consultant's or expert's executed undertaking along with a current resume for each such consultant or expert. The consultant's or expert's resume must identify all employers and clients for whom the consultant or expert has worked in the last four years, as well as any litigation matters in which the consultant or expert has testified, either by way of expert report, deposition, or testimony at a hearing or trial, over the last four years.

d. Discovering Counsel shall not disclose "Highly Confidential - Outside Counsel

Eyes Only" information to any independent consultant or expert for a period of seven (7) court days from the date on which it provides to Disclosing Counsel the items specified in paragraph 4(c) above. If within this seven day period Disclosing Counsel does not object, in writing, to the proposed disclosure to the consultant or expert identified pursuant to paragraph 4(c) above, then Discovering Counsel shall be permitted to disclose "Highly Confidential - Outside Counsel Eyes Only" information to that consultant or expert. If within this seven day period, Disclosing Counsel objects in writing to the proposed disclosure to the consultant or expert identified pursuant to paragraph 4(c) above, then Discovering Counsel shall not be permitted to disclose "Highly Confidential – Outside Counsel Eyes Only" matters to that consultant or expert, absent a further order from the Court. The Disclosing Counsel shall have the burden of filing a motion for a protective order with the Court within seven (7) court days of objecting to the consultant or expert prohibiting the disclosure of "Highly Confidential - Outside Counsel Eyes Only" information to the independent consultant or expert to whom the Disclosing Counsel has objected. If the seven (7) court days elapse without the Disclosing Counsel seeking relief from the Court, the requested information may be shared with the consultant or expert in accordance with the terms of this Protective Order.

5. The Disclosing Party will use reasonable care to avoid designating any document or information as "Confidential" or "Highly Confidential - Outside Counsel Eyes Only" that is not entitled to such designation or that is generally available to the public.

6. The Discovering Party may request a lower designation on any document produced by the Disclosing Party on a document-by-document basis. The Discovering Party shall maintain a list of all documents to which the Disclosing Party agrees to lower the designation. Individuals designated pursuant to paragraph 2(b)(iv) above shall be allowed access

only to documents designated or deemed "Highly Confidential - Outside Counsel Eyes Only" to which the Disclosing Party consents, or to which access is permitted by the Court over the Disclosing Party's objection. The parties agree to negotiate in good faith to resolve all requests to lower the designation of a document.

7.  Any document or portion of a document to be filed with the Court which refers to, or contains, any "Confidential" or "Highly Confidential - Outside Counsel Eyes Only" information discovery shall be filed under seal only in accordance with the provisions of Local Rule 79-5.

8.  The restrictions of this Stipulated Protective Order shall not apply to any discovery which, in the future, is made known to the Discovering Party on a non-confidential basis by anyone, except as the result of an unauthorized disclosure; further, said restrictions shall not apply to any discovery which the Discovering Party shall establish (i) was already known to it at the time of disclosure and is not subject to a separate non-disclosure commitment on the part of the Discovering Party, or (ii) has been, or becomes, a matter of public knowledge through no act of the Discovering Party, or (iii) has been published prior, or becomes published subsequent, to disclosure through no act of the Discovering Party. Further, nothing herein is intended to prevent showing a document designated as "Confidential" or "Highly Confidential - Outside Counsel Eyes Only" information to a person which the document indicates is an author or authorized recipient of the document. No copies of such document shall be given to such individuals for them to retain. During deposition or trial testimony, counsel may disclose documents produced by the Disclosing Party to current employees and officers of the Disclosing Party.

9.   In the event of any dispute about whether discovery designated as "Confidential" or "Highly Confidential - Outside Counsel Eyes Only" was incorrectly designated, a motion shall be filed with the Court by the party seeking to lower the designation of the discovery or to declassify it altogether. On any such motion, the party which designated the discovery as "Confidential" or "Highly Confidential - Outside Counsel Eyes Only" shall bear the burden of establishing that the discovery at issue is entitled to the protections of the party's designation as afforded by this Stipulated Protective Order.

10.   "Confidential" or "Highly Confidential - Outside Counsel Eyes Only" information, or the substance or context thereof, including any notes, memoranda or other similar documents relating thereto, shall not be disclosed or summarized, either in writing or orally, to anyone other than persons permitted to have access to such information under this Order. Nothing herein, however, is intended to prohibit or proscribe the ability of outside counsel for the Discovering Party from providing to the client informed and meaningful advice solely with respect to this action or to prevent counsel from aggregating or summarizing such financial information for its client so long as it will not reveal or disclose "Confidential" or "Highly Confidential - Outside Counsel Eyes Only" information.

11.   Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests or analyses of "Confidential" or "Highly Confidential - Outside Counsel Eyes Only" information for use in connection with the litigation, and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation into a data retrieval system used in connection with this litigation, provided that access to such information, in whatever form

stored or reproduced, shall be limited to qualified recipients.

12. If discovery calls for the production of information subject to a confidentiality or nondisclosure agreement between the Disclosing Party and a non-party, the Disclosing Party shall give notice to the non-party that such information is subject to discovery in this litigation, and shall provide the non-party with a copy of this Protective Order. When such written notice is given to the non-party, the Disclosing Party will advise the Discovering Party that such notice has been given within three (3) business days of giving such notice. The non-party shall have fourteen (14) calendar days from receipt of the written notice in which to seek relief from the Court, if the non-party so desires. If the fourteen (14) calendar days elapse without the non-party seeking relief from the Court, the requested information shall be produced in accordance with the terms of this Protective Order.

13. The inadvertent failure to designate confidential information as "Confidential" or "Highly Confidential - Outside Counsel Eyes Only" prior to or at the time of disclosure shall not operate as a waiver of the Disclosing Party's right to designate said information as "Confidential" or "Highly Confidential - Outside Counsel Eyes Only." In the event that confidential information is designated "Confidential" or "Highly Confidential - Outside Counsel Eyes Only" after disclosure, then the Disclosing Party shall promptly notify the Discovering Party in writing of the missing designation. The Disclosing Party shall provide properly marked replacement documents or other tangible items to the Discovering Party within ten (10) days after the notice. Within ten (10) days of receiving properly marked replacements, the Discovering Party shall confirm in writing that the unmarked documents or other tangible things were destroyed, or return the previously unmarked documents or tangible items to the Disclosing Party.

14.     If the Disclosing Party inadvertently discloses information that is protected by attorney-client privilege, the work-product doctrine, or any other privilege, the Disclosing Party shall promptly, upon discovery of the disclosure, notify in writing the Discovering Party of the inadvertent production, and request that the item(s) be returned. If that request is made, thereafter no party to this action shall assert that the disclosure waived any privilege or immunity, but a party may continue to seek the production of the discovery on grounds other than waiver as a result of its inadvertent production in this case. It is further agreed that the Discovering Party will return or destroy the inadvertently produced item(s), and all copies and derivations thereof, within five (5) business days after being notified. The Discovering Party shall confirm in writing that the inadvertently produced documents or other tangible items were destroyed, or return them to the Disclosing Party. Such inadvertently produced documents shall not be used for any purpose in the litigation.

15.     Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "Confidential" or "Highly Confidential - Outside Counsel Eyes Only" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

16.     Unless counsel agrees otherwise in writing, within thirty days of the conclusion of this action, with the exception noted below, each party's outside counsel of record shall return to the Disclosing Party's outside counsel of record all documents (and copies made thereof) which were designated by the Disclosing Party as "Confidential" or "Highly Confidential - Outside

Counsel Eyes Only" or destroy same, including all documents or copies provided by a Discovering Party to any other person. However, outside counsel of record for each of the parties may retain one archival copy ("permitted archival copy") of correspondence between counsel in this case, Court transcripts, Court exhibits, deposition transcripts, deposition exhibits, discovery, filings with the Court and pleadings, and exhibits to those filings and pleadings, even though such papers may contain "Confidential" or "Highly Confidential - Outside Counsel Eyes Only" information. For the avoidance of doubt, the parties are not permitted to otherwise retain production documents designated by the Disclosing Party as "Confidential" or "Highly Confidential - Outside Counsel Eyes Only" as part of the permitted archival copy. Upon request by Disclosing Counsel after the conclusion of this action, each party's outside counsel of record shall certify in writing to the Disclosing Counsel that, to his or her knowledge and belief, with the exception of the permitted archival copy, the party has either returned or destroyed all "Confidential" and "Highly Confidential - Outside Counsel Eyes Only" information in accordance with this Order.

17. The provisions of this Protective Order limiting the disclosure of "Confidential" and "Highly Confidential - Outside Counsel Eyes Only" information shall survive the termination of this action.

18. Nothing in this Protective Order shall preclude either party hereto from seeking relief from, or modifications to, this Protective Order.

IT IS SO ORDERED:

June 5, 2006
_____
Date

_____
UNITED STATES ~~DISTRICT JUDGE~~
MAGISTRATE JUDGE

**IT IS SO STIPULATED:**

Dated: May 31, 2006                          McDERMOTT WILL & EMERY LLP

/s/  David M. Beckwith
David M. Beckwith
Fay E. Morisseau
Mark J. Itri
4370 La Jolla Village Drive, Suite 700
San Diego, CA  92122
(858) 643-1400

Attorneys for Plaintiff Heraeus, Incorporated

Dated: 5/31, 2006                            WANG HARTMANN & GIBBS

*[signature] per telephone authority*

Franklin E. Gibbs
Richard Cauley
1301 Dove Street, Suite 1050
Newport Beach, CA  92550-2812
(949) 833-8483
Attorneys for Defendant Solar Applied Material Technology Corp.

**EXHIBIT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERAEUS INCORPORATED,<br><br>      Plaintiff,<br><br>v.<br><br>SOLAR APPLIED MATERIAL TECHNOLOGY CORP.,<br><br>      Defendant. | CASE NO. C 06-01191-RMW |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned hereby acknowledges that he (she) has received and read the Protective Order entered in the U.S. District Court for the Northern District of California on _____, 2006, in connection with the above captioned lawsuit, and understands and agrees to be bound by each of those terms. Specifically, without limitation upon such terms, the undersigned agrees not to use or disclose any confidential information made available to him (her) other than in accordance with said Order, and submits to jurisdiction of this Court for purposes of said Order in this action.

Dated: _____    By: _____

                                                                                     (type or print name of individual)

                                                                                     (name of employer)

SDO 43909-1.050346.0292

**Proof of Service**
**Heraeus Incorporated v. Solar Applied Materials Technology Corp.**
**USDC Northern Dist. of California, Case No. C-06-1191-RMW (RS)**

I am employed in the City of San Diego, County of San Diego, State of California. I am over the age of 18 years and not a party to the within action. My business address is 4370 La Jolla Village Drive, Suite 700, San Diego, CA 92122. On May 31, 2006, I caused the foregoing document(s) titled: **[PROPOSED] STIPULATED PROTECTIVE ORDER** to be served on the parties in this action, as follows:

Lisa M. Chapman
Silicon Valley Law Group
25 Metro Drive, Suite 600
San Jose, CA 95110
Ph: 408.573.5700
Fax: 408.573.5701
Email: lmc@svlg.com

[X] (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Diego, California. I am readily familiar with the practice of McDermott, Will & Emery for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

[ ] (BY ELECTRONIC MAIL) I caused document to be transmitted electronically to _____ at Wang, Hartmann & Gibbs, PLC at the following address: _____.

[ ] (BY PERSONAL SERVICE) I caused the above-mentioned document to be hand delivered on the same date.

[ ] (BY FEDERAL EXPRESS) I am readily familiar with the practice of McDermott, Will & Emery for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

[ ] (BY FACSIMILE) The above-referenced document was transmitted by facsimile transmission to the parties described above; the transmission was reported as completed and without error.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on May 31, 2006, at San Diego, California.

_____
LORI L. FORD

SDO 45274-1.050346.0292