**\*E-FILED 7/31/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HERAEUS INCORPORATED,<br><br>          Plaintiff,<br>     v.<br><br>SOLAR APPLIED MATERIAL TECHNOLOGY CORP.,<br><br>          Defendant._____/ | NO. C 06-01191 RMW (RS)<br><br>**ORDER GRANTING MOTION TO COMPEL PRODUCTION OF EXEMPLAR TARGETS** |

## INTRODUCTION

Plaintiff Heraeus Incorporated moves to compel defendant Solar Applied Material Technology to produce exemplar "sputtering targets," the accused devices in this patent infringement action. Solar contends that Heraeus should not be permitted to proceed with discovery at all unless it can demonstrate that it conducted a pre-filing investigation adequate to satisfy the requirements of Rule 11, but Solar does not otherwise dispute that exemplars of sputtering targets should be produced. Solar, however, objects to producing the targets directly to Heraeus's consultant, and demands instead that it be permitted to observe any testing that consultant may perform on the targets.

The Court finds this matter suitable for disposition without oral argument, pursuant to Local Rule 7-1 (b). The motion will be granted, with production of the target to be made on the terms requested by Heraeus.

## BACKGROUND

1

1  On July 20, 2006, the Court decided a prior motion to compel in this action and the general
2  background of the case is set out in that order. By this motion, Heraeus seeks to compel Solar to
3  produce two exemplar sputtering targets, to be delivered directly to Dr. David Laughlin, a consultant
4  retained by Heraeus. Dr. Laughlin intends to conduct certain testing of the targets, and has agreed to
5  be bound by the protective order entered in this action. Apart from its contention that Heraeus has
6  failed to conduct an adequate pre-filing investigation of the merits of its claims, Solar does not
7  object to producing the exemplar targets. Solar, however, wishes to have its own consultant,
8  Professor Bruce Clemens, present to observe and record any testing of the targets.

## DISCUSSION

A. Rule 11

There is no dispute that the testing Heraeus intends to conduct on the targets includes inquiry into technical details of the targets that will bear on whether the targets infringe Heraeus's patents or not. Indeed, in the prior motion involving Oryx targets, Heraeus essentially conceded that even though it can form an opinion that certain types of targets are (in its view) *likely* to infringe, absent testing of an actual target, Heraeus cannot know for certain whether the microstructure of the target is such that there is a viable infringement claim.

From these facts, Solar infers that Heraeus presently does not know whether or not Solar's targets infringe the patents, even under Heraeus's position as to the meaning of the patents' claims. As a result, Solar contends, Heraeus apparently has failed to comply with Rule 11 of the Federal Rules of Civil Procedure that required it to investigate the merits of its claims *before* filing suit, and Heraeus should be precluded from taking discovery until and unless it demonstrates that it conducted an adequate pre-filing investigation.

Solar cites *Judin v. Hewlett-Packard Co.*, 110 F.3d 780, 785 (Fed. Cir. 1997) for the proposition that a violation of Rule 11 cannot be cured by post-filing investigation of the facts,

2

1  through discovery or otherwise.[1]  While that proposition undoubtedly is true, it falls far short of
2  supporting the novel rule that Solar is proposing be applied here–that a party can be prevented from
3  taking discovery until it "proves up" that it has complied with Rule 11.  If Solar has a good faith
4  basis for believing that Heraeus has violated Rule 11, it may seek the remedies provided for in that
5  Rule by a motion made to the presiding judge at the appropriate time.

### B.  Production of Exemplar Targets

Apart from its contention regarding Rule 11, Solar has no objection to producing exemplar targets to Heraeus, *provided* there are "appropriate safeguards to protect against spoilation of evidence and manipulation of testing procedures." (Opposition Brief at 2:8-10.)  Solar contends that at an absolute minimum it must have more information regarding the precise nature of the tests Heraeus intends to conduct, and that the tests be conducted at a "reputable testing facility."  Solar additionally insists that its own expert should be allowed to observe the testing and record the procedures.  Heraeus, in turn, argues that it has a work-product interest in shielding the details of its testing from Solar until and unless it designates Dr. Laughlin as a testifying witness.

The procedures proposed by Solar have much to recommend them, as they increase the chances that the results of the testing will be reliable and have a higher probative value at trial.  As the Federal Circuit has observed,  "the results of tests made by one party . . . without notice to, and in the absence of, the other party . . . [are] for that reason alone entitled to little or no weight." *In Re Newman*, 782 F.2d 971, 973 (Fed. Cir. 1986) (quoting *Congoleum Industries, Inc. v. Armstrong Cork Co.*, 319 F.Supp. 714, 716 (E.D.Pa.1970)).  Nevertheless, the fact that Solar may be able to attack any results of this testing that Heraeus offers at trial does not mean that such evidence will inevitably be inadmissible.  Therefore, the testing Heraeus proposes satisfies the requirement of Rule 26 that discovery be "reasonably calculated to lead to the discovery of admissible evidence." Fed R.

---

[1] The *Judin* court found that a plaintiff in a patent case violated Rule 11 where it could offer "no adequate explanation" for failing to obtain, or even attempting to obtain, a sample of the accused device before bringing suit.  110 F.3d at 784.  *Judin*, therefore, does not reach the question of what type of pre-filing investigation is adequate under Rule 11 where the plaintiff has no practical means for obtaining a sample of the accused device prior to filing suit.

3

Civ. P. 26 (b) (1).

Additionally, much of Solar's opposition brief is premised on the assumption that Heraeus's expert, Dr. Laughlin, will be designated as a testifying witness. At this point, Heraeus has *not* so designated Dr. Laughlin. Although Solar may have a right to the details of Dr. Laughlin's testing procedures if and when he is offered as a trial witness, no such designation has been made nor is Heraeus required to have done so at this juncture.

Finally, Solar's opposition is grounded on the additional notion that Heraeus intends to conduct "destructive testing" on the targets. Although Heraeus disputes the term "destructive," it is true that Dr. Laughlin has disclosed he may need to cut the targets to fit them into the testing equipment. See Declaration of David E. Laughlin, ¶ 2. As Heraeus points out on reply, however, the items at issue are "exemplars." This is *not* a case where a party is proposing destructive testing of a particular product that failed in a products liability action, or that otherwise is unique or irreplaceable. Solar's asserted concern with "evidence spoilation" is not supported by the record. Even assuming that Heraeus's testing destroys the targets, there is nothing that suggests that Solar would thereafter be precluded from using other exemplars either to reproduce the tests or to impeach the tests by showing that the results were not reproducible. Again, Heraeus appears to be making a strategic choice that may limit the evidentiary value of the testing that it conducts, but there is no basis to preclude Heraeus from conducting such testing or for requiring it to waive its work-product protections at this juncture.

C. Return of the Targets

During the parties' meet and confer negotiations, Solar took the position that the targets should be returned to it after testing and that it would be free to recycle the targets thereafter. Heraeus insisted that the targets not be returned and recycled. The record is insufficient to evaluate whether the value of recycled targets is such that preserving them during this litigation would create any undue hardship. Accordingly, without prejudice to Solar bringing a motion for permission to recycle the targets, and unless the parties agree otherwise, the targets will be returned to Solar upon conclusion of Dr. Laughlin's testing on the condition that Solar preserve the targets until the

4

1  conclusion of this litigation, or until further order of the Court.

## CONCLUSION

The motion is granted.  Solar shall produce two exemplar targets directly to Dr. David E. Laughlin.  Dr. Laughlin shall treat the targets as confidential under the terms of the protective order entered in this action, and shall disclose the results of any testing he conducts only to counsel for Heraeus until directed otherwise by said counsel or by the Court.  Upon conclusion of the testing, the targets shall be returned to Solar, who shall preserve them until the conclusion of this litigation, or until further order of the Court.

IT IS SO ORDERED.

Dated: July 31, 2006

RICHARD SEEBORG
United States Magistrate Judge

C 06-01191 RMW (RS)

1 **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2 David M. Beckwith     dbeckwith@mwe.com, lford@mwe.com

3 Richard F. Cauley     rcauley@jcpw.com, faiza@jcpw.com

4 Fay E. Morisseau     fmorisseau@mwe.com

5 Robert M. Vantress     rmv@svlg.com, al@svlg.com; keb@svlg.com; mwo@svlg.com

7 Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

9 **Dated: 7/31/06**                                      **Chambers of Judge Richard Seeborg**

11                                                         **By:**     **/s/ BAK**

**United States District Court**
For the Northern District of California

C 06-01191 RMW (RS)

6